UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20267-CR-GOLD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIRINE WOODS,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS

Shirine Woods ("Woods") has filed a Motion to Expunge/Seal Record [ECF No. 49], which was referred to the Undersigned by District Court Judge Alan S. Gold ("the District Court"). [ECF No. 51]. The Undersigned has reviewed Woods' motion, the Government's Response [ECF No. 53] and other relevant portions of the record. For the reasons given below, the Undersigned **RESPECTFULLY RECOMMENDS** that Woods' motion be **DENIED**.

    I.    **Factual and Procedural History**

On April 8, 2008, a federal grand jury returned an indictment against Woods, charging her with one count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Woods pled guilty to the trafficking charge and was sentenced to 36 months' probation. [ECF Nos. 25; 26; 35; 41].

On February 7, 2013, Woods filed the present motion, seeking to expunge her criminal record from this case. [ECF No. 49]. On April 17, 2013, the Undersigned issued an Order, requiring the Government to file a response to Woods' motion by April 30, 2013. [ECF No. 52]. On April 29, 2013, the Government filed its response. [ECF No. 53].

II.     Analysis

It seems that Woods has successfully completed her probation.[1] In her motion, Woods claims that since the time of her arrest she has "finished Medical school, graduated, found a job and . . . [has] not been in any problem with the law." [ECF No. 49, p. 1]. This is all certainly meritorious. However, none of the allegations in Woods' motion alter the fact that, as the Undersigned will explain below, expungement is not warranted in this case.

Courts in this circuit have consistently held that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Goodrich*, No. 94-8054-CR, 2008 WL 398950, at *1 (S.D. Fla. Feb 12, 2008) (*quoting United States v. Carson*, 366 F. Supp. 2d 1151, 1154 (M.D. Fla. 2004) and citing, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998)). To the very limited extent that federal district courts have authority to grant expungement,

---

[1]     While Woods has not commented in her motion as to whether the probation was successfully completed, nothing in the record before the Undersigned suggests that it was not.

"the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972).[2]

In *Cavett v. Ellis*, 578 F.2d 567 (5th Cir. 1978), the old Fifth Circuit held that expungement is limited to exceedingly narrow circumstances:

> Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities. The judicial editing of history is likely to produce a greater harm than that sought to be corrected.

*Id.* at 568, (quoting *Rogers*, 469 F.2d at 1085 (5th Cir. 1972) (citations omitted)).

As there is no Eleventh Circuit precedent regarding expungement of criminal records, courts in this circuit are bound by decisions of the Fifth Circuit made prior to the circuit split. Relying on the Fifth Circuit's holdings of *Rogers* and *Cavett*, a district court in this circuit cannot expunge a criminal record absent "special circumstances." *See Hettel v. Florida*, No. 809-CV-2413-T-30TBM, 2009 WL 4547050, at *2 (M.D. Fla. Nov. 30, 2009) (finding that because plaintiff failed to allege "special circumstances . . . his request to expunge his criminal record must be dismissed").

In *Rogers*, the plaintiff sought to overturn and expunge his conviction "on the ground that he had not been advised of his right to counsel." 469 F.2d at 1085. The district court ordered that the plaintiff's conviction be overturned and his criminal

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

3

record be expunged. The Fifth Circuit reversed as to expungement, finding that the district court "went too far in ordering the expunction of the official public records" as the remedy of expungement "gave the defendant more relief than if he had been acquitted." *Id*.

In the instant case, as opposed to *Rogers*, Woods' criminal conviction (based on her guilty plea) was ***not*** overturned and was not even challenged. Instead, she served her sentence, and now wishes that her criminal record – which she herself acknowledges was warranted – be expunged. [*See* ECF No. 49, p. 1]. Under the precedent cited above, this remedy is both inappropriate and unwarranted.

Prior caselaw from this district has restricted the special circumstances allowing expungement to the following limited scenarios:

> [1] when mass arrests render judicial determination of probable cause impossible . . . [2] when a court determines that the sole purpose of the arrest was to harass the defendant . . . [3] where the police misused the police records to the detriment of the defendant . . . [4] where the arrest was proper but was based upon a statute later declared unconstitutional . . . [5] when the expungement of criminal records is necessary to preserve basic legal rights.

*United States v. Johnson*, 714 F. Supp. 522, 524 (S.D. Fla. 1989) (internal citations omitted).

Woods has not alleged any "special circumstance" which would require her criminal sentence to be expunged. *See Cavett*, 578 F.2d at 568 (finding that "[s]ince Cavett has alleged no special circumstance that would take him out of the Rogers rule, the district court was clearly correct in dismissing Cavett's request for the expunction of

public records"). Indeed, none of the "special circumstances" listed in *Johnson* are applicable in cases such as Woods', where the original conviction *was never deemed invalid*. Courts in this circuit have consistently held "that the power of expungement should never be used where the validity of a conviction is never questioned." *Johnson*, 714 F. Supp at 524 n.2 (internal citations omitted). Because Woods' criminal conviction was never deemed invalid, none of the special circumstances listed above could possibly apply in this case. As succinctly explained in *Goodrich*, 2008 WL 398950, at *1, "[d]espite the continued adverse effects public knowledge of the conviction[] might have on Defendant, this case is not one which justifies the Court exercising whatever authority it may have to expunge the records in this case."

III. Conclusion

While the Undersigned commends Woods for graduating medical school, finding a job, and staying out of trouble with the law,[3] simply becoming a better person does not allow one to erase her past. Applicable law does not give a court in this district authority to grant Woods' request under the applicable facts. Therefore, and for the reasons given above, the Undersigned **RESPECTFULLY RECOMMENDS** that Woods' motion be **DENIED**.

---

[3] In its Response, the United States implicitly accepts Woods' representations as factually accurate. Although it appears as though the Government has not conducted any type of investigation into Woods' representations, the Undersigned adopts the United States' approach and assumes that all of her contentions about her post-prosecution life are entirely correct.

**IV.     Objections**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within 14 days of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir.1988)).

**RESPECFTULLY RECOMMENDED**, in Chambers, in Miami, Florida, this 23rd day of May, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Alan S. Gold
Shirine Woods, *pro se*
All counsel of record